UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JACOBS, et al.,

       Plaintiffs,                        Case No. 10-11469

vs.                                      HON. MARK A. GOLDSMITH

TRICAM INDUSTRIES, INC., et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION IN LIMINE (DKT. 39) WITHOUT PREJUDICE**

This matter is presently before the Court on Plaintiffs' motion in limine (Dkt. 39). Defendants filed a response (Dkt. 42), Plaintiffs did not file a reply, and the Court held a hearing on the motion on February 11, 2013. For the reasons stated below, the Court denies Plaintiff's motion without prejudice.

**I. BACKGROUND**

In this products liability case, Plaintiff Andrew Jacobs alleges he sustained injuries when working on a ladder, supported by a ladder stabilizer. The ladder stabilizer was attached to the top of the ladder. See Pl.'s Mot. (Dkt. 39) at 4-5 (pictures of ladder and ladder stabilizer). While Jacobs was on the ladder, the ladder stabilizer broke, and Jacobs fell to the deck, sustaining injuries. Defendant Tricam manufactured the ladder stabilizer; Defendant Home Depot sold it.

Plaintiffs Andrew Jacobs and Kimberly Jacobs, Andrew's wife, filed their action in state court against Defendants Tricam Industries and Home Depot, alleging negligence, breach of implied and express warranties, and loss of consortium. Defendants removed the case to this Court. Notice of Removal (Dkt. 1). Defendants filed a motion for summary judgment and to bar

Plaintiffs' expert John Morse from testifying (Dkt. 21).  The Court granted in part and denied in part the motion.  9/8/2011 Order (Dkt. 36).  Specifically, the Court granted in part Defendants' motion to bar Plaintiffs' expert from opining that the ladder stabilizer was defectively designed, but denied the motion in part with respect to the opinion that the ladder stabilizer failed due to stress on its rivets.  In addition, the Court granted the summary judgment motion regarding Plaintiffs' claim of negligent design, but denied the motion as to any negligence claim based on other theories.

Plaintiffs then filed the instant motion in limine to exclude a video depicting Defendants' expert Jon Ver Halen conducting, what Plaintiff characterizes, as a test of the ladder and ladder stabilizer.  Pl.'s Mot. (Dkt. 39).

## II.  ANALYSIS

The issue presented by this motion is whether the video prepared by Defendants' expert Jon Ver Halen is admissible evidence.  Plaintiffs argue that the video by Ver Halen should be excluded because (i) it does not accurately depict the conditions that led to Jacobs' fall and (ii) the alleged test or simulation differs in too many significant respects from the actual event.  Id. at 9-12.  For instance, Plaintiffs argue that when Jacobs fell, the ladder was placed on a deck surface and against vinyl siding, but in the video the ladder is on concrete surface and leaning against a brick wall.  Consequently, the video portrays a ladder placed upon surfaces with different friction characteristics.  Id. at 12.  Plaintiffs cite authorities – Duke v. Am. Olean Tile Co., 400 N.W.2d 677 (Mich. Ct. App. 1986) and Hall v. Gen. Motors Corp., 647 F.2d 175 (D.C. Cir. 1981) – that support the proposition that a trial court may exclude test evidence, when the test fails to duplicate the conditions of the original events.

2

In response, Defendants request that the Court deny the motion or, in the alternative, reserve ruling on the motion until Ver Halen testifies at trial. Defs.' Resp. at 13-14 (Dkt. 42). Defendants explain that, as the Court ruled that Plaintiffs' expert could testify that the ladder stabilizer's rivets failed, they intend to contest facts of rivet failure and to argue that Jacobs used a damaged stabilizer. Id. at 7. As for Ver Halen's video, Defendants state its purpose is to counter Plaintiffs' expert opinion that the rivets failed when Jacobs stood on the ladder. Id. at 8. Defendants argue that the purpose of the video is not to re-create Jacobs' fall, but to show a "reproducible test" that an undamaged stabilizer placed "virtually no load" upon the rivets and even if the rivets failed, the stabilizer arm would not flip upward. Id. at 9. Defendants rely upon authorities that draw the distinction between test evidence that recreates an event and demonstrative evidence. Id. at 10-12 (citing Lopez v. General Motors Corp., 569 N.W.2d 861 (Mich. Ct. App. 1997) and People v. Bulmer, 662 N.W.2d 117 (Mich. Ct. App. 2003)).

Having considered the parties arguments, the Court agrees with Defendants that it would be premature at this juncture to determine whether to exclude Ver Halen's video. The "Federal Rules of Evidence do not explicitly authorize in limine rulings," but district courts have "inherent authority to manage the course of trials." Luce v. United States, 469 U.S. 38, 41 n. 4 (1984). The Sixth Circuit has stated that a "ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." United States v. Yannott, 42 F.3d 999, 1007 (6th Cir. 1994) (citing United States v. Luce, 713 F.2d 1236, 1239 (6th Cir. 1983), aff'd, 469 U.S. 38 (1984)). A district court "may change its ruling at trial for whatever reason it deems appropriate." Id. Often, it is more prudent for a trial court to await the proofs at trial before assaying to determine the admissibility of evidence. See Funk v. Rent All Mart, Inc., No. 00-CV-7086, 2002 WL 34417021, at *1 (N.D. Ohio, July 9,

3

2002) ("[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

At this time, the Court believes that it is premature to rule on Plaintiffs' motion prior to Plaintiffs establishing their proofs at trial and before the Court can consider and resolve any evidentiary issues regarding foundation, relevancy, jury confusion, and potential prejudice. If, after Plaintiffs have established their proofs, Defendants proffer the video, Plaintiffs will then be free to renew their objection. Accordingly, the Court denies Plaintiffs' motion in limine (Dkt. 39) without prejudice.

SO ORDERED.

Dated: March 12, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager